UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| WILLIAM SPINDLER, | ) | |
| NORTHSTAR CREATIONS, LLC, and | ) | |
| WAYNE CHEMICAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-5 |
| | ) | |
| BAKER & DANIELS, LLP and | ) | |
| JOHN F. HOFFMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This suit began on November 14, 2008, when the Plaintiffs filed suit against the Defendants and alleged that they were negligent in drafting a patent. Now before the Court are two motions—a contested Motion to Extend the Expert Discovery Deadlines (Docket # 34) and a joint Motion to Extend the Non-Expert Discovery Deadline. (Docket # 36.) For the reasons provided, both motions will be GRANTED.

The Plaintiffs' first motion, which the Defendants oppose, asks the Court to extend the upcoming expert discovery deadlines. (Docket # 34.) "Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R. Civ. P. 16(b); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate

good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406 at *1; *Tschantz*, 160 F.R.D. at 571.

The Plaintiffs argue that they will be unable to meet the expert discovery deadlines, despite their best efforts to do so, because of William Spindler's ongoing serious illness. (Pls.' Mot. ¶ 11.) They argue that because of his illness, Mr. Spindler has been unable to provide the information needed for their expert report on how they believe the patent should have been drafted. (*Id*. ¶ 14, 15.) This delay, in turn, has prevented them from obtaining the other needed expert reports. (Id. ¶ 18-24.) The Defendants do not contest the veracity of Mr. Spindler's illness, but rather claim that the delay in receiving expert testimony has prevented them from preparing an adequate defense. (Defs.' Resp. ¶ 30, 31.)

The Court finds that the Plaintiffs have demonstrated good cause to extend the expert discovery deadline. The ill health of Mr. Spindler is not disputed and the Plaintiffs have shown due diligence in attempting to complete as much of their expert reports as possible without his assistance. Furthermore, no dispositive motions are currently pending that might require the immediate completion of the reports. Finally, any prejudice to the Defendants can be ameliorated by staggering the deadlines of the various reports and giving the Defendants ninety days to respond after the last of the Plaintiffs' reports are filed.

The Plaintiffs' Motion to Extend the Expert Discovery Deadline (Docket # 34) is therefore GRANTED. The Plaintiffs shall have to and including March 8, 2010, to provide the expert report on the Spindler Patent Application; to and including March 15, 2010, to provide the expert opinions regarding what, if any, patent would have issued as a result of the Spindler Patent Application; to and including March 22, 2010, to provide an expert opinion regarding any

infringement upon the patent which would have issued from the Spindler Patent Application; and to and including April 9, 2010, to provide an expert opinion regarding damages.

To ensure that the Defendants are not prejudiced, however, the Court will grant them more time to respond than the Plaintiffs originally proposed. The Defendants shall have to and including July 9, 2010, to provide their own expert reports in response to the Plaintiffs' reports. No rebuttal expert reports are contemplated in the Report of the Parties' Planning Meeting and are therefore not required. Accordingly, the last day for the completion of all expert discovery is August 9, 2010.

Similarly, in their joint Motion, the Plaintiffs and Defendants ask the Court to extend the non-expert discovery deadline by thirty days. The joint Motion (Docket # 36) is also GRANTED and the non-expert discovery deadline is extended to and including April 2, 2010. Mr. Spindler, will submit to a deposition on or before that date, unless a doctor certifies that he is medically incapable of doing so. The doctor certification is to be filed under seal and must detail the specific basis for Mr. Spindler's inability to participate in the deposition, as well as some prognosis concerning when he would be able to submit to such a deposition.

To summarize, the Motion to Extend the Expert Discovery Deadline (Docket # 34) and the Motion to Extend the Non-Expert Discovery Deadline (Docket # 36) are both GRANTED, subject to the deadlines previously set forth.

SO ORDERED.

Enter for March 2, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge