## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM SPINDLER, et al., ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-CV-5 |
| ) | |
| BAKER & DANIELS, LLP, et al., ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 45.) Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). However, the protective order submitted by the parties fails to provide an adequate basis for finding good cause.

First, the proposed order makes no effort to specify why the purported protected materials are confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or

1

reveals weaknesses does not qualify for trade secret protection." *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (emphasis omitted). Just because the parties do not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Second, the proposed order allows the parties to file under seal any pleading, motion, or other document that "include[s]" or "disclose[s]" Confidential Information (*see* Proposed Stipulated Protective Order ¶ 11 ), rather than solely protecting the actual Confidential Information through a method of redaction. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The Seventh Circuit Court of Appeals has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 45.) Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit

case law, but what has been submitted thus far is inadequate.

SO ORDERED.

Enter for this 12th day of March, 2010.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge