# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| WILLIAM SPINDLER, | ) | |
| NORTHSTAR CREATIONS, LLC, and | ) | |
| WAYNE CHEMICAL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-cv-5 |
| | ) | |
| BAKER & DANIELS, LLP, and | ) | |
| JOHN F. HOFFMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case began on November 14, 2008, when the Plaintiffs filed suit against the Defendants and alleged that they were negligent in drafting a patent. Now before the Court are three motions—the Plaintiffs' Motion to Reconsider (Docket # 77) and Motion to Allow the Supplemental Expert Report of Earl Geddes (Docket # 78), and the Defendants' Motion to Deem Portions of the Plaintiffs' Reply to the Motion to Allow Waived. (Docket # 87.) For the reasons provided, both of the Plaintiffs' motions will be DENIED. Because the Motion to Allow must be denied irrespective of the Plaintiffs' Reply, the Defendants' motion is MOOT.

## FACTUAL AND PROCEDURAL HISTORY

The original deadline for expert reports established at the Parties' Planning Meeting was January 8, 2010. (Docket # 22.) Mr. Spindler's health problems, however, led the parties to file a Joint Motion on November 12, 2009, requesting extensions of discovery and expert disclosure deadlines. (Docket # 28.) The Court extended the expert report deadline to March 8, 2010. (Docket # 29.)

The Plaintiffs then filed a Motion to Extend Expert Discovery Deadlines, seeking a

staggered schedule for the various expert reports. (Docket # 34.)  The Court granted the motion and established the following deadlines: the Plaintiffs' expert report on Defendants' adherence to the standard of care was due by March 8, 2010; Plaintiffs' expert opinion on how the patent should have been drafted was due by March 15, 2010; Plaintiffs' expert report on infringement was due March 22, 2010; and Plaintiffs' expert opinion regarding damages was due by April 9, 2010. (Docket # 44.)

The Plaintiffs followed the deadlines and filed the Expert Report of Arland T. Stein covering the standard of care and what patent should have issued (the "hypothetical patent") on March 8, 2010.  It also asserted that the Bose Wave Radio II infringed the hypothetical patent. This report was supplemented by the expert opinions of Nicholas Godici and Peter Wong, both filed on March 12, 2010.  Finally, the Plaintiffs' expert report of Earl Geddes, filed on March 22, 2010, alleges that the Bose Wave Radio II infringes the hypothetical patent.  (Defs.' Resp. Opp. ¶ 10.)

On June 14, 2010, the parties submitted their Second Report of the Parties' Planning Meeting, in which the Plaintiffs asked for leave to file supplemental and rebuttal expert reports. (Docket # 73.)  The Court approved the Second Report on June 16, 2010, but denied the Plainitffs' request for additional expert reports. (Docket # 75.)  On June 21, 2010, three months after the expert discovery deadline, the Plaintiffs filed the instant motions, asking the Court to reconsider its decision to prohibit supplemental and rebuttal expert reports and seeking leave to supplement the Geddes Expert Report.

**THE PLAINTIFFS' MOTION TO RECONSIDER**

The Plaintiffs' first motion asks the Court to reconsider its decision not to allow supplemental and rebuttal expert reports. (Docket # 77.) The Plaintiffs argue that they should be permitted to supplement their existing expert reports to address issues raised by the Defendants' affirmative defenses, such as lack of novelty, anticipation by prior art, and obviousness. (Mot. to Recons. 2-3.) The Plaintiffs also ask for leave to supplement their existing expert report on damages to reflect information they anticipate they will uncover during discovery. The Plaintiffs hope to find that Bose is selling the allegedly infringing products outside of the United States and add these sales to their damage calculation. (Mot. to Recons. 4.) Finally, the Plaintiffs ask that they be permitted to file rebuttal expert reports without limit to subject matter. (Mot. to Recons. 4-5.)

The Defendants respond that the Plaintiffs' Motion fails to meet the threshold requirements of a motion for reconsideration. They argue that the motion for reconsideration and request to "supplement" existing expert reports is, in fact, merely an attempt to circumvent the long-expired discovery deadlines and introduce new information the Plaintiffs previously overlooked. The Defendants' arguments are persuasive and the Plaintiffs' Motion must be denied.

*A. Standard of Review*

A motion for reconsideration performs a valuable, but limited, function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that the problems a

motion to reconsider is designed to remedy "rarely arise and the motion to reconsider should be equally rare"). A motion for reconsideration cannot "be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the . . . motion." *Caisse Nationale*, 90 F.3d at 1269-70. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id*.

*B. Discussion*

The Plaintiffs' Motion—which is devoid of any citations to case law or any other authority—does not warrant a reconsideration of the Court's decision not to allow supplemental and rebuttal expert reports. Rather, the Defendants are correct that the Plaintiffs' Motion simply resurrects previously rejected arguments and attempts an end-run around the expired expert disclosure deadlines.

In their Motion, the Plaintiffs do not argue that the Court committed a "manifest error of law" in forbidding supplemental and rebuttal expert reports, nor do they point to any newly discovered evidence in support of their request. Indeed, the Plaintiffs' Motion does not even address the appropriate legal standard for a motion to reconsider. Rather, the Plaintiffs simply argue that new expert reports are needed to address the Defendants' affirmative defenses and their own damages calculation. In that sense, the Motion is little more than an attempt to rehash the Court's earlier decision to disallow further expert reports. The expert discovery deadlines have already been extended twice and the Plaintiffs' request for supplemental and rebuttal expert reports has previously been rejected. (Docket # 29, 44, 75.) Without a manifest error of law or newly discovered evidence, however, the Court must decline the Plaintiffs' invitation to revisit

4

its prior decision in the hopes of reaching a different conclusion. *See Martin v. Fort Wayne Police Dept.*, No. 1:09-cv-48, 2009 WL 3199126, at *1 (N.D. Ind. Sept. 29, 2009); *Young v. Martin Enters*, No. 1:08-cv-153, 2009 WL 102444, at *1 (N.D. Ind. Jan. 14, 2009); *Range v. Brubaker*, No. 3:07-cv-480, 2009 WL 102430, at *1 (N.D. Ind. Jan. 13, 2009).

Even if the Court were to treat the Plaintiffs' Motion to Reconsider as a request for an extension of time to file new reports, the Plaintiffs' motion must still be denied. "Continuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired." *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *see also* Fed. R. Civ. P. 16(b); *United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). If the pertinent deadline has already passed, a request for an extension of time may only be granted if the party failed to act because of excusable neglect, in addition to the good cause requirement. Fed. R. Civ. P. 6(b)(1)(B); *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 464 (7th Cir. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith*, 1997 WL 662406, at *1; *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662406, at *1; *Tschantz*, 160 F.R.D. at 571.

In the present case, the Plaintiffs' June 21, 2010, Motion is untimely, as it comes well after the final expert disclosure deadline of April 9, 2010. As such, the Plaintiffs must demonstrate that this delay was due to excusable neglect. Their motion, however, makes no

5

attempt to argue that they failed to act because of excusable neglect. Similarly, the Plaintiffs do not argue that there is good cause to extend the expert discovery deadline.

Rather, the Plaintiffs' motion relies on the broad presumption that the Defendants will not suffer any prejudice if they are granted leave to "supplement" their expert reports. The presumed lack of prejudice, however, does not satisfy the good cause requirement. "The Plaintiffs do not fulfill the 'good cause' requirement or demonstrate their diligence by asserting that the defendants will not be prejudiced, nor do they make such a showing by pointing out that … there is still plenty of time to accommodate the requested extension and complete discovery before the trial." *Smith*, 1997 WL 662506, at *3. *See also Jones-Bey v. Wright*, No. 3:94-cv-0218, 1996 WL 441786 (N.D. Ind. July 22, 1996); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 218 (N.D. Ind. 1990).

The Plaintiffs' Motion for Reconsideration fails to point to any manifest errors of law or newly discovered evidence and is, at best, an attempt to rehash old arguments. Accordingly, the Plaintiffs have not demonstrated sufficient cause to allow supplemental and rebuttal expert reports. Furthermore, even if the Motion is treated as a request for an extension of time, the expert discovery deadline will still not be extended, because the Plaintiffs' request is untimely and they fail to demonstrate excusable neglect, let alone good cause.

### THE PLAINTIFFS' MOTION TO ALLOW THE SUPPLEMENTAL EXPERT REPORT OF EARL GEDDES

The Plaintiffs have also filed a Motion to Allow the Supplemental Expert Report of Earl Gedes. (Docket # 78.) The Plaintiffs ask the Court to allow them to file Mr. Gedes's supplemental expert report, which claims that the hypothetical patent is also infringed by the Bose Wave Music System, in addition to the Bose Wave Radio II. The Defendants respond that

the Plaintiffs are merely attempting to extend the long-expired expert discovery deadline without showing excusable neglect and good cause and that, far from "supplementing" the existing Geddes report, the Plaintiffs are actually seeking to introduce a new claim of infringement on a new product. As with their prior motion, the Plaintiffs will not be permitted to make an end-run around the expired expert discovery deadlines.

Furthermore, the Defendants are correct that, although titled a "Motion to Allow," the Plaintiffs' motion is essentially a motion to extend the expired expert discovery deadlines. As discussed previously, "[c]ontinuances or extensions of time with respect to the deadlines for amendments, discovery, and dispositive motions will be granted only upon a convincing showing of good cause, upon a request made before the pertinent deadline has expired," *Smith*, 1997 WL 662506, at *1, and if the pertinent deadline has already passed, the party seeking the extension must also show that they failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

In their Motion, the Plaintiffs make no mention of the excusable neglect requirement.[1] Rather, they broadly argue that they should be allowed to supplement the Geddes report because they did not discover the potential new infringement until after their April 5, 2010, deposition of Bose. Even if this argument is liberally viewed as an attempt to establish good cause, it is

---

[1] The Plaintiffs originally missed the deadline to file a reply, but were granted leave to do so. Their reply raises several new arguments and makes conclusory assertions that good cause and excusable neglect exist to allow the supplementation of the Geddes report. As the Defendants correctly observe in their Motion to Deem the Reply Waived (a de facto motion to strike), arguments made for the first time in a reply brief are waived. *See TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 630-31 (7th Cir. 2007). Even considering the substance of the Plaintiffs' reply, however, their arguments are unavailing. The Plaintiffs concede that they "could have sought an extension of the deadline prior to its expiration," yet they inexplicably chose not to. Indeed, adherence to deadlines is not, as the Plaintiffs suggest, "a mere technicality" or a "game of pleading," especially considering the previously granted extensions in this case. Rather, "[t]he flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

unpersuasive. Good cause requires the Plaintiffs to show that, despite their diligence, the expert disclosure deadlines could not reasonably have been met. *See Smith*, 1997 WL 662406, at *1. This case has been pending since November 14, 2008, and the Plaintiffs have always born the burden of identifying allegedly infringing products. Their failure to timely identify the potential infringement is not good cause. *See Precor Inc. v. Fitness Quest, Inc*., No. C05-0993L, 2007 WL 136749, at *2 (W.D. Wash. Jan. 12, 2007) (finding no good cause to amend complaint and add new infringement claim where the Plaintiffs should have been aware of allegedly infringing product). Because they have failed to establish excusable neglect and good cause to extend the expert report deadline, the Plaintiffs' Motion to Supplement the Geddes expert report must also be DENIED.

## CONCLUSION

Because the Plaintiffs have not shown, or even argued, that a manifest error of law or recently discovered evidence warrants reconsideration of the Court's denial of supplemental and rebuttal expert reports, their Motion to Reconsider (Docket # 77) is DENIED. Similarly, the Plaintiffs have not demonstrated that excusable neglect and good cause exists to supplement the Geddes expert report, and their Motion to Supplement (Docket # 78) is also DENIED. Because the Plaintiffs' Motion to Allow must be denied notwithstanding their Reply, the Defendants' Motion to Deem the Plaintiffs' Reply Waived (Docket # 87) is MOOT.

SO ORDERED.

Enter for August 6, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge